IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | Case No. 15-15359 DER |
| **KAREN ANN BURKETT,** | * | |
| | * | |
| Debtor. | * | (Chapter 11) |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

## DEBTOR'S PLAN OF REORGANIZATION

Karen Ann Burkett, the Debtor and Debtor-in-Possession herein, proposes the following Plan of Reorganization pursuant to the provisions of the Bankruptcy Code. The accompanying Disclosure Statement more fully explains the proposals set forth herein and the basis therefore.

## TABLE OF CONTENTS

I.   Definitions ……………………………………………………………………….......2
II.  Classification of Claims and Treatment of Claims and Interests ……………………………5
     2.1   The Plan…………………………………………………………………………….5
     2.2   Other Provisions of the Plan………………………………………………………8
III. Impairment of Classes and Corresponding Voting Rights………………………………….....8
     3.1   Unimpaired Classes………………………………………………………………….8
     3.2   Impaired Classes…………………………………………………………………….8
IV.  Executory Contract and Leases……………………………………………………………….9
V.   Execution, Effect and Term of the Plan………………………………………………….9
     5.1   Distribution……………………………………………………………………….....9
     5.2   Disbursement Agent………………………………………………………………….9
     5.3   Discharge…………………………………………………………………………….9
     5.4   Post-Confirmation Reports…………………………………………………………10
     5.5   Post-Confirmation Professional Retention…………………………………….…10
     5.6   Substantial Consummation…………………………………………………………10
VI.  Jurisdiction and Other Provisions………………………………………………………....10
     6.1   Retention of Jurisdiction………………………………………………………....10
     6.2   Modification………………………………………………………………………...12
     6.3   Material Default……………………………………………………………………12
     6.4   Vesting of Property…………………………………………………………………12
     6.5   Obligation to Creditors…………………………………………………………...12
VII. Notices……………………………………………………………………………………13
VIII. U.S. Trustee Fees……………………………………………………………………...14

## Article I
## DEFINITIONS

The terms set forth in this Article I shall have the respective meanings hereinafter set forth. Any capitalized term used but not otherwise defined herein shall have the meaning given to that term in the Bankruptcy Code.

1.1 <u>Administrative Clam</u>:  shall mean any cost or expense of administration of the Debtor's Chapter 11 case entitled to priority in accordance with Section 503(b) and 507(a)(1) of the Bankruptcy Code, including without limitation, all actual and necessary costs and expenses of preserving the Debtor's estate and of operating the Debtor's business from and after the Petition Date to and including the Confirmation Date, all allowances of compensation and reimbursement approved by the Court in accordance with the Bankruptcy Code, any fees or charges assessed against the Debtor's estate under 28 U.S. C. §1930.

1.2 <u>Administrative Claimant</u>:  the holder of an Administrative Claim.

1.3 <u>Allowance Date</u>:  the date upon which a Disputed Claim becomes an Allowed Claim, either through finalization of a settlement between the Debtor and the holder of a Disputed Claim, or entry of a Court Order setting the Allowed Amount of the Claim.

1.4 <u>Allowed Amount</u>:  the amount of a claim including an Equity Interest that is listed in the Debtor's Schedules as not disputed, contingent or unliquidated.

    (A) if the holder of such Claim has not filed a proof of claim within the applicable period of limitation fixed by the Bankruptcy court pursuant to Rule 3003(c)(3) of the Bankruptcy rules; or

    (B) if a holder has filed a timely Proof of claim: (i) the amount stated in such Claim; or , (ii) if an objection to such Claim is filed, such amount as shall be fixed by order of the Bankruptcy Court.

1.5 <u>Allowed Claim</u>:  a Claim, the amount of which has become or is an Allowed Amount.

1.6 <u>Allowed Claimant</u>:  the holder of an Allowed Claim.

1.7 <u>Bankruptcy Code</u>:  Title 11 U.S.C. Section 101 <u>et.seq.</u> as amended.

1.8     Bankruptcy Court:  the United States Bankruptcy Court for the District of Maryland, Baltimore Division.

1.9     Bankruptcy Rules:  the Federal Rules of Procedure governing bankruptcy cases.

1.10    Bar Date:  the date set by the Court as the last date on which Claims of pre-Petition Creditors could be filed against the Debtor.  Notwithstanding the foregoing, General Unsecured Claims arising from the Debtor's rejection of contracts or leases, if any, pursuant to Section 365 of the Bankruptcy Code under the terms of this Plan may be filed no later than ten (10) days after the Confirmation Date.

1.11    Cash:  shall mean cash, cash equivalents and other readily marketable direct obligation of the United States of America, and certificates of deposit issued by a National Bank.

1.12    Claim:  shall mean a claim against the Debtor as defined in §101(4) of the Bankruptcy Code, including, but not limited to, any and all Claims arising from the rejection of executory contracts of the Debtor.

1.13    Claimant:  an individual or entity holding or having a Claim.

1.14    Class:  a group consisting of Claims which are substantially similar to each other as classified pursuant to the Plan.

1.15    Confirmation:  approval of the Plan by the Bankruptcy Court.

1.16    Confirmation Date:  the date of entry of the Confirmation Court in accordance with the provisions of the Bankruptcy Code; provided, however, that if the Confirmation Order or consummation of this Plan is stayed pending appeal, then the Confirmation Date shall be the date of entry of the Final Order vacating such stay or the date on which such stay expires or is no longer in effect.

1.17    Confirmation Order:  the final Order of the Bankruptcy Court confirming this Plan and approving the transactions contemplated herein.

1.18    Debtor: shall mean Karen Burkett.

1.19    Debtor's Husband:  shall mean Richard A Burkett, Jr.

1.20    Disclosure Statement:  the written disclosure statement regarding this Plan that was filed along with this Plan and/or approved by the Bankruptcy Court pursuant to §1125 of the Bankruptcy Code.

1.21 <u>Disputed Claim</u>:  any Claim for which an Allowed Amount has not yet been determined and, with respect to which, an objection has been interposed on or prior to the Confirmation Date or such other date as may be fixed by the Bankruptcy court or as otherwise set forth in the Plan.

1.22 <u>Effective Date</u>:  30 days after the Confirmation Order.

1.23 <u>Final Order</u>: An order or judgment of the Bankruptcy Court which is not the subject of a pending appeal, which has not been reversed, stayed, modified or amended, and which the time to appeal from or to seek review or rehearing of such orders shall have expired, as a result of which such order shall become final in accordance with the applicable Bankruptcy Rules.

1.24 <u>General Unsecured Claim</u>:  unsecured Claims against the Debtor that are not entitled to priority pursuant to the Bankruptcy Code.

1.25 <u>Impaired Class</u>:  a Class whose legal, equitable or contractual rights that attach to its Claims are modified, other than by curing defaults and reinstating maturities or by payment in full in Cash on the Effective Date.

1.26 <u>Insiders</u>:  those persons who have a relationship with debtors that is not "arms length" such as relatives, associates, partners or friends.

1.27 <u>Material Default</u>:  the Material Default of the Debtor shall occur if (1) Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan, for more than Six calendar months after the time specified in the Plan for such payment or other performance; (2) upon such failure, the affected creditor has served upon Debtor and Debtor's attorney a written notice of Debtor's default; and (3) Debtor fails within 21 calendar days after the date of service of the notice of default either: (i) to cure the default; or (ii) to obtain from the court or affected creditor an extension of time to cure the default, or a determination that no default occurred.

1.28 <u>Petition</u>: the voluntary Chapter 11 petition that was filed on April 15, 2015.

1.29 <u>Petition Date</u>:  April 15, 2015, the date upon which the Debtor filed her bankruptcy case.

1.30  <u>The Plan</u>:  this Plan of Reorganization proposed by the Debtor as set forth herein or as it may be amended or modified from time to time hereafter.

1.31 <u>Priority Claim</u>:  any Claim, other than an Administrative Claim or Tax Claim to the extent entitled to priority in payment under §507(a) of the code, as well as Claims which the Debtor must pay to cure the pre-petition defaults as a condition of assuming certain real property leases.

1.32 <u>Pro Rata</u>:  the same proportion that the Allowed Amount of a Class 10 claim (unsecured) bear to the aggregate of the Allowed Amount of all Claims of that particular Class of Claims.

1.33 <u>Substantial Consummation</u>:  when the final payment is made to creditors in Class 2 and 3 claims.

## Article II
## CLASSIFICATION OF CLAIMS AND TREATMENT OF CLAIMS AND INTERESTS

**2.1 THE PLAN**

(a)     **Class 1:  Administrative Claims.**  Class 1 consists of Administrative Claims.  They are Claims against the Debtor for any costs or expenses of the Chapter 11 case allowable under §503(b) of the Bankruptcy Code, including all actual necessary costs and expenses of preserving the Debtor's estate, as well as the operations of the Debtor's business, including compensation or reimbursement of expenses to the extent allowed under the Bankruptcy Code.  Class 1 consists of Claims for professional fees and expenses resulting from services rendered to the Debtor since the Petition Date.

With respect to Administrative Claims of professionals retained pursuant to Bankruptcy Court Order and, allowed fees and expenses shall be paid in cash as follows:

a. Unpaid fees and expenses incurred prior to Confirmation which have been approved prior to the Effective Date, shall be paid on the Effective Date.

b. Fees and expenses incurred prior to Confirmation which are approved after the Effective Date shall be paid when ordered by the Bankruptcy Court.

c. All reasonable post-confirmation professional fees and expenses shall be paid by the Debtor within 30 days from the receipt of the bill, subject to submission to the Bankruptcy Court if any of the fees and expenses are deemed unreasonable by the Debtor; provided, however, that after receipt of a bill for professional fees and expenses the Debtor will have 15 days to notify the billing party if the Debtor deems the fees and expenses unreasonable.

(b).     **Class 2:**  Class 2 claims include the City of Baltimore's Revenue Collection which includes an environmental fine of approximately $455.00.  The Debtor shall pay to the Class 2 creditor a total of $455.00 in which the Debtor shall pay in full within Thirty (30) days from the Effective Date.  Class 2 is not impaired.

(c).     **Class 3:**  Class 3 consists of the Internal Revenue Service's ("IRS") tax lien recorded in the Circuit Court of Howard County for $84,943.55. The debtor will pay $70,000.00 to the IRS within 30 days after the Effective Date.  The balance of $11,388.95 will be paid in monthly, equal installments of $2000.00.  The payments shall take approximately 11 to 12 months or earlier if the Debtor makes the necessary commissions to afford to do so.  The debtor's property shall continue to be encumbered by the tax lien until such time as the balance is paid in full and the IRS thereby releases its tax lien.  Class 3 is impaired.

(d).     **Class 4:**  Class 4 consists of the Secured Claim of Rushmore Loan Management Services, LLC in the amount of $685,208.96 which is secured by a first deed of trust on Debtor's property located at 11779 Frederick Road, Ellicott City, MD 21042.  As of the Petition Date, the Debtor is current with the Class 4 Secured Claim. Pursuant to this Plan, the Debtor agrees to continually pay the monthly payment until the maturity of debt.  Class 4 is unimpaired.

(e).     **Class 5:**  Class 5 consists of the Secured Claim of America's Servicing Company ("ASC") in the amount of $104,495.36 which is secured by a first deed of trust on Debtor's property located at 1305 Shore Road, Baltimore, MD 21220. The Class 5 claim consists of pre-petition arrears of $409.18.  The Debtor intends to pay the regular monthly mortgage payments to Class 5 on time starting with the payment due on May 1, 2015.  Further, the debtor intends to pay the pre-petition arrears of $409.18 in one lump sum in Month 2 of the Plan. Class 5 is not impaired.

(f).     **Class 6:**  Class 6 consists of the Secured Claim of Veripro Solutions, Inc. ("Veripro") in the amount of $18,334.02 which is secured by a second deed of trust on Debtor's property located at 1305 Shore Road, Baltimore, MD 21220. The Class 6 claim consists of pre-petition arrears of $3,528.63.  The Debtor intends to pay the regular monthly mortgage payments to Class 6 on time starting with the payment due on May 1, 2015.  Further, the debtor intends to pay the pre-petition arrears in equal monthly installment payments of $500.00 beginning the third month of the Plan.  It will take approximately 7 months to pay Class 6 in full and at the end of the 9th month of the Plan, Debtor shall pay the remaining balance of the Class 6 claim in full.  Class 6 is impaired.

(g). **Class 7:** Class 7 consists of the Secured Claim of Green Tree Servicing, LLC ("Greentree") in the amount of $285,845.13 which is secured by a first deed of trust on Debtor's property located at 5527 Frederick Avenue, Baltimore, MD 21228. The Class 7 claim consists of pre-petition arrears of $110,644.28. The Debtor intends to sell said property and use the proceeds to pay Class 7 in full by June 2016. If the property is not sold by that date, the Debtor shall surrender her interest in said property to Class 7 in full satisfaction of its secured claim. <u>Class 7 is impaired</u>.

(h). **Class 8:** Class 8 consists of one general, unsecured Claim against the Debtor and Debtor's spouse. The general, unsecured claim of Clear Spring Loan Servicing totaling $6,349.00 is based upon a joint contractual debt that Debtor intends to pay in full in order to satisfy the liability shared with her spouse. The $6,349.00 shall be paid in equal monthly payment installments of $500.00 with an interest rate of 1.0% per annum until said debt is paid in full. The payments to Class 8 shall begin after Class 3 is paid in full. The Class 8 payments should take approximately 13 months and is anticipated to end by month 20 of the Plan. <u>Class 8 is impaired.</u>

(i). **Class 9:** Class 9 consists of one general, unsecured Claim against the Debtor and Debtor's son. The debt owed to Navient is a joint contractual debt for student loans for $26,065.00 that Debtor intends to pay in full in order to satisfy the liability shared with her son. The $26,065.00 shall be paid in equal monthly installments of $1500.00 with an interest rate of 1.0% discounted interest per annum until said debt is paid in full. The payments shall not begin until Class 3 is paid in full. <u>Class 9 is impaired.</u>

(j). **Class 10:** Class 10 consists of all the general, unsecured Claims against the Debtor that are not entitled to any priority. The holders of Class 10 claims shall be paid in equal monthly installments of $500.00, *pro rata*, with $ 1% discounted, simple interest beginning within Thirty (30) days after Debtor's final payment to Class 6 or approximately month 11of the Plan. The amount shall increase to $1000.00 per month upon the final payment to Class 8 (approximately month 20 of the Plan) and to $2500.00 upon the final payment to Class 9 (approximately month 25 of the Plan). The payments to Class 10 shall last until the Claims are paid in full. These general, unsecured claims consist of the following:

| | |
|---|---|
| Baltimore Gas & Electric Company | $155.70 |
| City of Baltimore – Revenue | $3,386.87 |
| Internal Revenue Service | $3,554.60 |
| Medstar Health Anesthesia | $1300.00 |
| Midland Funding | $18,786.00 |
| Totals | $27,027.47 |

The first payment on the arrears will be made within Thirty (30) days after the final payment to Class 6 creditor(s) and will continue until all the arrears are paid in full.  Further, the Debtor and her husband intend to apply any other additional monies to the Plan in order to pay the arrears as quickly as possible.   Payments on Class 10 claims shall be mailed to the address of the creditor on the proof of claim (or, if allowed pursuant to the schedules, to the address on the schedules), unless the creditor files a change of address notice with the Court.  Any check mailed to the proper address and returned by the post office as undeliverable, or not deposited within 180 days, shall be void and the Debtor may retain the funds.   <u>Class 10 is impaired</u>.

**2.2**.  **OTHER PROVISIONS OF THE PLAN**

The Plan contains other provisions consistent with the requirements of Chapter 11 of the Bankruptcy Code, including provisions for treatment of executory contracts and leases, the Bankruptcy Court's retention of jurisdiction, the collection and disposition of assets of the Debtor's estate and the resolution of claims available to the Debtor's estate.

<u>**Article III**</u>
**IMPAIRMENT OF CLASSES AND CORRESPONDING VOTING RIGHTS**

3.1     <u>Unimpaired Classes</u>. Classes 1, 2, 4 and 5 are not impaired and are consequently deemed to have accepted the Plan in accordance with §1126(f) of the Bankruptcy Code. Accordingly, the Debtor is not required to solicit votes of such Classes with respect to the acceptance or rejection of this Plan.

3.2     <u>Impaired Classes</u>.  Classes 3, 6, 7, 8, 9 and 10 are impaired under the Plan, therefore they are entitled to vote to accept or reject this Plan.  Classes 3,6, 7, 8, 9 and 10 will all have accepted this Plan if holders of at least two-thirds in amount and more than one-half in number of those voting each Class vote to accept this Plan.

## Article IV
## EXECUTORY CONTRACTS AND LEASES

4.1     The debtor, with the exception of the rental lease for the property at 1305 Shore Road, is not, upon information and belief, aware of any other executory contracts and leases. Nevertheless, upon the Confirmation Date, Debtor shall be deemed to have rejected all leases and executory contracts entered into prior to the Petition Date with the exception of the rental lease for 1305 Shore Road.   All Claims arising from rejection of leases or other executory contracts pursuant to the Plan shall be filed no later than ten (10) days after the Confirmation Date.  All such Claims, to the extent allowed, shall be treated as a General Unsecured Claim under Class 10.

## Article V
## EXECUTION, EFFECT AND TERM OF THE PLAN

5.1     **Distribution.**  The distributions of cash to be made by the Debtor pursuant to the Plan shall be made within 30 days after the Effective Date with respect to Class 2 and Class 3. The distributions to Class 5 shall be made during the second month of the Plan. The distributions to Class 6 shall begin on the third month of the Plan until it is paid in full. The distributions to Classes 8 and 9 shall begin after Class 3 is paid in full (approximately 11th or 12th month of the Plan).  The distributions to Class 10 shall begin after Class 6 is paid in full.  The Debtor shall make the distributions of cash necessary to fund the plan from the income the Debtor derives from her profession as a real estate agent.

5.2     **Disbursement Agent.**  The Debtor shall act as her own disbursing agent for the purpose of making any distribution required under the Plan.

5.3     **Discharge.** Upon completion of all payments due to Class 2and Class 3 creditors, the Debtor shall be entitled to a discharge of and from all debts dischargeable under 11 U.S.C. §1141(d) of the Code.  The Payments on Class 3 claims shall not be deemed payments under the Plan for purposes of 11 U.S.C. §1141(d)(5)(A).

5.4.    **Post-Confirmation Reports.**  The Debtor will file such Post-Confirmation reports as may be required by the Court, or under the Local Bankruptcy Rules of the Court, or by the Office of the United States Trustee, until such time as the case has been administratively closed.  Such reports will not be distributed generally to creditors but will be sent to any creditor requesting them in writing.

5.5    **Post-Confirmation Retention of Professionals.**  It is possible that the professional retained by the debtor as debtor in possession will continue to render services post-Confirmation according to the fee arrangements previously approved by the Bankruptcy Court, except that formal fee applications will not be required for post- confirmation services or expense reimbursements.  All such fees and expenses will be paid directly by the Debtor.  Until the case is administratively closed, statements for such post-confirmation services and expense reimbursement will be filed with the Court by Line and not as an application, and will be served on the Office of the United States Trustee.  Such statements will be deemed allowed and payable in full without the necessity of an order of court unless formally object to within ten (10) days after service thereof.

5.6    **Substantial Consumption.**  Substantial Consummation of the Plan shall occur when Class 2 and Class 3 receives their last post-confirmation payments.  Once the Plan has been substantially consummated, a final account and request for administrative closure of the case will be filed pursuant to the applicable Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.  Upon approval of the final account, the Court may then enter an order closing the case.

Article VI

**JURISDICTION AND OTHER PROVISIONS**

**6.1 Retention of Jurisdiction.**  The Bankruptcy Court shall retain and have exclusive jurisdiction over the Debtor's Chapter 11 case for the purpose of determining all disputes and other issues presented by or arising under the Plan, including, without limitation, exclusive jurisdiction to:

      a.    determine any and all objections to the allowance of Claims or Equity Interests, including amendments to the Debtor's Chapter 11 schedules, which objections shall be filed with the Bankruptcy Court only by the

        Debtor and not later than sixty (60) days from and after the Effective Date;

b. determine any and all disputes arising under or relating to the Plan;

c. determine any and all applications for allowance of compensation and reimbursement of expenses arising out of or relating to the case or any Claims;

d. determine any and all pending applications for rejection of executory contracts and unexpired leases and the allowance of any Claims resulting from the rejection thereof or from the rejection of executory contracts or unexpired leases pursuant to the Plan;

e. determine any and all applications, adversary proceedings, and contested and litigated matters commenced in connection with the case before or after the Confirmation Date;

f. modify any provision of the Plan to the full extent permitted by the Bankruptcy Code;

g. correct any defect, cure any omission or reconcile any inconsistency in the Plan, the exhibits to the Plan or the Order of Confirmation, as may be necessary to carry out the purposes and intent of the Plan;

h. determine such other matters as may be provided for in the Confirmation Order or as may from time to time be authorized under the provision of the Bankruptcy Code or other applicable law;

i. enforce all orders, judgments, injunctions and rulings entered in connection with the bankruptcy case;

j. enter such orders as may be necessary or appropriate in the aid of Confirmation and to facilitate in proper consummation and implementation of the Plan; and

k. consider any act concerning the compromise and settlement of any claim or cause of action by or against the Debtor's estate.

6.2     **Modifications.**  Modifications to the Plan may be proposed in writing by the Debtor at any time before or after Confirmation provided that the Plan, as modified, meets the requirements of Section 1127 of the Bankruptcy Code. Section 1127 allows modifications to be filed before Confirmation as long as the Plan, as modified, meets the requirements of Bankruptcy Code Section 1122 (Classification of Claims and Interests) and Section 1123 (Contents of the Plan). Modifications after Confirmation require notice and the opportunity for a hearing. Any holder of a Claim or Interest that has accepted or rejected a Plan is deemed to have accepted or rejected, as the case may be, such Plan as modified, unless within the time fixed by the Bankruptcy Court, such holder changes its previous acceptance or rejection.

6.3     **Material Default.**  No creditor may take any action against Debtor or property of the estate or of the Debtor so long as Debtor is not in Material Default in performing his obligations to such creditor under the Plan.

6.4.    **Vesting of Property.**  Upon the Effective date, all property in the estate shall vest in the Debtor, subject to the terms of this Plan and §1141(b) of the Code free and clear of all claims and interests except as provided in this Plan.  Particularly, the Debtor shall have the full power and authority to dispose of her property and manage her business in any manner that is not inconsistent with the requirements of this Plan and the Bankruptcy Code.  In particular, among other things, the Debtor shall have full power to borrow, to sell her property or to grant liens upon her property for any purpose and to enter into such agreements as in her business judgment are consistent with her business interests. Should the Debtor sell any of her real property, the purchaser is deemed to be exempt from a state stamp tax or similar tax pursuant to Section 1146(a) of the Code. The Debtor shall also have full control and use of all post-petition earnings.

6.5     **Obligation to Creditors.**  Except as specifically provided in this Plan, the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan.  Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for breach of contract under state

law. To the extent a creditor retains a lien under the Plan, except as provided in this Plan, that creditor retains all rights provided by such lien under applicable non-bankruptcy law.

## Article VII
## NOTICES

7.0     All communications and notices relative to the Plan shall be in writing, may be delivered by hand, by telecopier or by nationally recognized overnight courier service and shall be deemed given one business day after so transmitted. If mailed by first class mail, postage paid, all such communications and notices shall be deemed given three days after so mailed. All such notices shall be addressed to the parties at their respective addresses as set forth in the records of the Debtor, if to the Debtor

Mrs. Karen Burkett
11779 Frederick Road
Ellicott City, MD 21042-1031

and to

Marc A. Ominsky, Esq.
Law Offices of Marc A. Ominsky, LLC
10632 Little Patuxent Pkwy, Suite 249
Columbia, MD 21044

or to such other location as the Debtor may from time to time designate in writing to the Claimants pursuant to any pre-petition agreement between Debtor and Claimants regarding "Notices." Claimants shall provide the Debtor with any change of address. Any Creditor or other party in interest entitled to notice pursuant to this Plan shall be deleted from the notice list when that Creditor's Allowed Claims have been paid in full. In the event that a creditor fails to maintain a current mailing address and mail to a creditor is returned as undeliverable after two attempts, neither the Debtor nor his counsel shall be required to search for the creditor's new location. In such case, any Claim held by such Creditor shall be deemed to be disallowed for the purpose of any future distributions if said Creditor should not send notice of its new location prior to the full payment of said Creditor's Class. Funds that would otherwise have been paid to such Creditor shall instead remain available for other administration according to the terms of this Plan.

## Article VIII

## UNITED STATES TRUSTEE FEES

8.0	All fees due to the United States Trustee shall be paid in full by the Debtor through the Effective Date of the Plan and shall continue until they are no longer required by the Bankruptcy Code or the Local Bankruptcy Rules.

Respectfully submitted,

Dated:  November 24, 2015

/s/Karen Burkett
Karen Burkett

/s/ Marc A. Ominsky
Marc A. Ominsky, Bar No. 13956
Law Offices of Marc A. Ominsky, LLC
10632 Little Patuxent Pkwy
Suite 249
Columbia, MD 21044
(443) 539-8712
marc@mdlegalfirm.com